[Cite as *State v. Potter*, 2018-Ohio-4440.]

**IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
CLARK COUNTY**

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Plaintiff-Appellee | : | Appellate Case No. 2018-CA-28 |
| | : | |
| v. | : | Trial Court Case No. 2018-CR-09 |
| | : | |
| CHARLES W. POTTER | : | (Criminal Appeal from |
| | : | Common Pleas Court) |
| Defendant-Appellant | : | |
| | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on the 2nd day of November, 2018.

. . . . . . . . . . .

ANDREW P. PICKERING, Atty. Reg. No. 0068770, Clark County Prosecutor's Office, Appellate Division, 50 E. Columbia Street, Suite 449, Springfield, Ohio 45502
    Attorney for Plaintiff-Appellee

JAMES S. ARMSTRONG, Atty. Reg. No. 0020638, P.O. Box 20368, Dayton, Ohio 45420
    Attorney for Defendant-Appellant

. . . . . . . . . . . . .

DONOVAN, J.

{¶ 1} This matter is before the Court on the March 1, 2018 Notice of Appeal of Charles W. Potter. Potter appeals from his February 27, 2018 judgment entry of conviction, issued following his guilty plea on one count of Having a Weapon Under Disability in violation of R.C. 2923.13(A)(2). The trial court sentenced Potter to 24 months in prison. We hereby affirm the judgment of the trial court.

{¶ 2} Potter's appellate counsel filed a brief pursuant to *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), asserting that "[a]fter a diligent review of the case, Counsel could not find any errors at the trial level to be discussed herein." As this court has previously noted:

> *Anders* equated a frivolous appeal with one that presents issues lacking in arguable merit. An issue is not lacking in that regard merely because the prosecution can be expected to present a strong argument in reply. An issue lacks arguable merit if, on the facts and law involved, no responsible contention can be made that it offers a basis for reversal.

*State v. Pullen,* 2d Dist. Montgomery No. 19232, 2002-Ohio-6788, ¶ 4.

{¶ 3}  On July 31, 2018, this Court afforded Potter an opportunity to file his own pro se brief within 60 days, assigning any errors for our review, and none has been received. Pursuant to *Anders,* we have performed our duty to independently review the entire record, and we have found no potential assignments of error having arguable merit.

{¶ 4} In his brief, counsel for Potter identifies two potential assignments of error:

1. Whether the trial court erred by failing to comply with Crim.R. 11 in accepting Potter's plea[.]

2. Whether Potter's guilty plea was entered knowingly, intelligently, and voluntarily?

In *State v. Marbury,* 2d Dist. Montgomery App. No. 19226, 2003-Ohio-3242, ¶ 7, we observed:

> We are charged by *Anders* to determine whether any issues involving potentially reversible error that are raised by appellate counsel or by a defendant in his pro se brief are "wholly frivolous." [*Anders* at 744.] If we find that any issue presented or which an independent analysis reveals is not wholly frivolous, we must appoint different appellate counsel to represent the defendant.

*Id.*, citing *Pullen*.

**{¶ 5}** Having performed our duty under *Anders v. California* of independent review of the record, we have found nothing to suggest Potter's guilty plea was anything less than knowingly, intelligently, and voluntarily entered. The record reflects a thorough Crim.R. 11 plea colloquoy, and Potter indicated he understood the proceedings and was satisfied with his attorney's representation of him. Furthermore, he was advised of all the potential consequences of his guilty plea.

**{¶ 6}** Crim.R. 11(C)(2) requires the court to address the defendant personally and: (a) determine that the defendant is making the plea voluntarily, with an understanding of the nature of the charges and the maximum penalty, and, if applicable, that the defendant is not eligible for probation or for the imposition of community control sanctions; (b) inform the defendant of and determine that the defendant understands the effect of the plea and that the court, upon acceptance of the plea, may proceed with judgment and sentencing;

and (c) inform the defendant and determine that he or she understands that, by entering the plea, the defendant is waiving the rights to a jury trial, to confront witnesses against him or her, to have compulsory process for obtaining witnesses, and to require the State to prove guilt beyond a reasonable doubt at a trial at which he or she cannot be compelled to testify against himself or herself. *State v. Brown,* 2d Dist. Montgomery No. 21896, 2007-Ohio-6675, ¶ 3. As indicated above, all of this was done by the trial court.

{¶ 7} Upon review of the plea transcript, we find no arguable merit to the potential assignments of error. Furthermore, having conducted our own independent review of the record, including sentencing, we find no arguably meritorious issues to address.

{¶ 8} The judgment of the trial court is affirmed.

. . . . . . . . . . . . .


WELBAUM, P.J. and TUCKER, J., concur.


Copies sent to:

Andrew P. Pickering
James S. Armstrong
Charles W. Potter
Hon. Richard J. O'Neill